IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN CHRISTOPHER BROWN,
    Plaintiff,

v. : CIVL ACTION NO. 20-CV-783

PRIMECARE HEALTH, *et al.,*
    Defendants.

## MEMORANDUM

RUFE, J.                                                        FEBRUARY 24th, 2020

Plaintiff John Christopher Brown, proceeding *pro se*, commenced this civil action against Karen Murphy, Primecare Health, and the Chester County Prison. (ECF No. 3.) He has also filed a Motion for Leave to Proceed *in Forma Pauperis* and a Prisoner Trust Fund Account Statement. (ECF Nos. 1 and 2.) For the following reasons, the Court will grant Brown leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

## I. FACTUAL ALLEGATIONS[1]

Brown asserts claims pursuant to 20 U.S.C. § 1983, based on alleged violations of his due process rights under the Fifth and Fourteenth Amendments. (ECF No. 1 at 3, 12.)[2] Specifically, he alleges that he was deprived of adequate medical care while incarcerated. (*Id.* at 4.) According to his Complaint, while Brown was a pretrial detainee at Chester County Prison, between February and April 2017:

> [He] began experiencing the following symptoms: cold sweats, headaches, fever, abnormal taste, increasingly severe abdominal pain, and severe constipation. [He] submitted medical visit slips daily over a 10-day period, but was only seen three times. On each occasion, [he] was prescribed Ibuprofen and sent back to the block

---

[1] The facts set forth in this Memorandum are taken from Brown's Complaint.

[2] The Court adopts the pagination assigned by the CM/ECF docketing system.

> with no follow-up visit. [He] collapsed in the medical dept. and
> was rushed to Chester County Hospital via ambulance, where [he]
> was diagnosed with a MRSA infection of the kidney and prostate,
> a life threatening condition.

(*Id.* at 4, 5, 12.) Brown seeks recovery of $ 1 million for pain and suffering and $100,000 in punitive damages. (*Id.* at 12.) He also demands that the medical staff "stop procrastinating and . . . do their jobs." (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Brown leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Brown is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Brown purports to state a claim for violation of his civil rights pursuant to 28 U.S.C. § 1983. The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626,

---

[3] However, as Brown is a prisoner, he will be obligated to pay the filing fee in installments. *See* 28 U.S.C. § 1915(b).

2

634 (3d Cir. 2009). The Pennsylvania statute of limitations for a personal injury action is two years. *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)). Thus, the limitations period applicable to Brown's § 1983 claim is two years. "A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

Here, Brown's Complaint is subject to dismissal on statute of limitations grounds because the defense is apparent on the face of the Complaint. As noted, Brown alleges that the conduct giving rise to his claims occurred between February and April 2017. (ECF No. 3 at 4, 5.) The applicable limitations period expired at the latest in April 2019. Brown's Complaint, however, was not filed until February 2020, ten months after the expiration of the applicable statute of limitations. Even the "prisoner mailbox rule," which deems a *pro se* inmate's pleading filed at the moment he delivers the document to prison officials for mailing, *see Houston v. Lack*, 487 U.S. 266, 275-76 (1988), does not render Brown's Complaint timely – the document was signed on January 14, 2020, nine months after the expiration of the applicable statute of limitations.

In Pennsylvania, the discovery rule may operate to delay the running of the statute of limitations in certain circumstances. *Nicolaou v. Martin*, 195 A.3d 880, 892 (Pa. 2018) ("the discovery rule tolls the statute of limitations where the plaintiff is reasonably unaware that he has been injured and that his injury has been caused by another party's conduct") (citing *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005)). "As the discovery rule has developed, the salient point giving rise to its application is the inability of the injured, despite the exercise of reasonable diligence, to know that he is injured and by what cause." *Fine*, at 859. "The reasonable diligence standard is objective, as the question is not what the plaintiff actually knew of the injury or its cause, but what he might have known by exercising the diligence required by law."

3

*Nicolaou*, 195 A.3d at 893. (citations omitted). However, "the objective reasonable diligence standard is 'sufficiently flexible . . . to take into account the differences between persons and their capacity to meet certain situations and the circumstances confronting them at the time in question.'" *Id.* (quoting *Fine*, 870 A.2d at 858).

Here, the allegations in Brown's Complaint leave no room for application of the discovery rule. Brown alleges that he filed a grievance following his illness, clearly establishing that he was aware of his injury and its cause. (*See* ECF No. 3 at 6, 7.) However, Brown will be provided leave to file an Amended Complaint to allow him to plead facts sufficient to apply the discovery rule to this case.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Brown leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice. An appropriate Order follows.

BY THE COURT:

CYNTHIA M. RUFE, J.

4